IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERBERT L. CAMPBELL,<br><br>             Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, et al;<br><br>             Respondent. | **4:22CV3210**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's form "Notice of Appeal (Civil)." Filing No. 1. Petitioner seeks to appeal from the Nebraska Court of Appeals' judgment "denying [his] petition for writ of habeas corpus" on February 17, 2022. *Id.* The Court takes judicial notice of Petitioner's state court records in *Campbell v. Frakes*, Case No. CI21-94, District Court of Johnson County, Nebraska, and Nebraska Court of Appeals Case No. A 22-178, which show that the state district court denied Petitioner's petition for writ of habeas corpus challenging his 2002 convictions in the District Court of Lancaster County, Nebraska, on February 17, 2022, and the state appellate court affirmed the denial on July 14, 2022, and issued its mandate on September 6, 2022.[1]

This Court lacks jurisdiction to consider a direct appeal of Petitioner's state court judgment under the *Rooker-Feldman* doctrine.

> The *Rooker-Feldman* doctrine stands for the general principle that, excepting habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). "Such jurisdiction is vested only in the United States Supreme Court." *Prince v. Arkansas Bd. of Exam'rs in*

---

[1] The Court takes judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

*Psychology*, 380 F.3d 337, 340 (8th Cir. 2004). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker–Feldman* doctrine not only prohibits "straightforward appeals" of state judgments in federal court, but also federal review of matters "inextricably intertwined" with state court rulings. *See Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). "A federal claim is inextricably intertwined with a state court judgment when the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999) (internal quotations omitted). In short, the *Rooker–Feldman* doctrine applies in those situations where a claimant has sued and lost in state court and then commences an action in federal court seeking relief for an injury caused by the state court's decision.

*Cantu v. Humiston*, No. 18-CV-1288 (PJS/SER), 2019 WL 470180, at *3–4 (D. Minn. Jan. 15, 2019), *report and recommendation adopted sub nom. Sotelo Cantu v. Humiston*, No. 18-CV-1288 (PJS/SER), 2019 WL 469318 (D. Minn. Feb. 6, 2019).

Alternatively, the Court hereby notifies Petitioner that it intends to characterize his "Notice of Appeal (Civil)" as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. If Petitioner objects to this characterization, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise <u>all</u> his habeas corpus claims in this action. This is

because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **November 16, 2022,** voluntarily withdraw his pleading entitled "Notice of Appeal (Civil)" if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **November 16, 2022,** file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus. Petitioner is encouraged to use the enclosed official Form AO 241.

3. If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

4. The Clerk of the Court is directed to send to Petitioner the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

5. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number.

6. The Clerk of the Court is directed to set the following pro se case management deadline: **November 16, 2022**: check for motion to withdraw or amended habeas petition.

Dated this 17th day of October, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge